Wash, J.
dissenting.
I think the Circuit Court erred in giving the third instruction, assuming to decide the facts as well as the law of the case, and therefore concur in reversing the judgment. The first and second instructions were, in my opinion, properly given. The claim to freedom under the provisions of the Illinois Constitution must be founded either upon a residence of the slave, or a hiring of the slave to labor. What shall *197 amount to a residence or a hiring against the provisions of the Constitution must depend upon the facts and circumstances of each particular case. A bare removal into the State can form no ground on which to set up the claim 5 especially when it is shown that the removal is not made with a view to residence. The intention of the owner as previously declared, is the only evidence that can exist in such a case. To hold then that it matters not whether the owner intends to make Illinois the residence of his slave or not, is to exclude (as it appears to iS&jj&íStógBújt&mce that can exist where the claim is founded on a bare removal JjythaRteSy f h^iMtotion with which a thing is done gives color and eharactelKto'Hemrst every traSsfecpon. The emigrant who journeying to Missouri, unfortuijatelygets his legjmakan, or being detained by serious sickness, keeps his slaves wit® til-^éltó or months until he recovers sufficiently to resume his joufney, will not thereby forfeit his property in his slaves, and why ? Because his resi&nc»f«'»'vwekyg^ptM or a winter, was unintentional and accidental, and the slave^were detained ther^ifithout any intention on his part of making it the place of thei^BsideMevp'StrSie owner of a slave who in passing through Illinois, permits the slave at night to brush his landlord’s boots, or make his fire, or shuck his corn for such reward as the landlord may think proper to give, would not surely be adjudged to forfeit his slave under the provisions of the second section of the sixth article of the Constitution, and why ? Because the owner did not intend in taking his slave to Illinois, or in journeying through or sojourning in the State, to hire him to labor. For it will not he contended that the master did not intend that the slave should perform the particular service and receive therefor the stipulated reward: that is, should brush the hoots or make ' the fire, and receive the 12 1-2 cents or the half pint of whiskey. Thus it seems to me that the facts and circumstances in every case are to be weighed with the intention of the parties acting therein and to be charged therefor. The introduction of slavery or the attempt to introduce it, is regarded in some sort as a criminal act, and is punished by a forfeiture of the property introduced. We must then look to the intention of the party introducing the slave, to determine the degree of guilt and see if the spirit of the Constitution has been violated, since it is clear its letter cannot be enforced.
Any other doctrine will convert the kind and tender nursing by the master of his sick and helpless slave into a sort of crime.